IN THE
UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

SHANNON SMITH,
  Plaintiff,

v.

TYRONE BAKER, *et al.*,
  Defendants.

Case No. 4:25-cv-04130-JEH

**Merit Review Order**

  Plaintiff Shannon Smith, proceeding *pro se*, filed a Complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights while he was incarcerated at Hill Correctional Center ("Hill"). (Doc. 1). This case is before the Court for a merit review of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A. The Court must "screen" Plaintiff's Complaint and dismiss any legally insufficient claim or the entire action if warranted. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id*. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in the Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

**I**

  Plaintiff files suit against Warden Tyrone Baker, Medical Director Dr. Osmundson, Nurse Practitioners Kramer and Shinn, and Nurse Stauffer.

1

In July 2024, Plaintiff alleges he was bit by a spider in his cell. On July 13, 2024, Plaintiff submitted a Medical Request seeking medical attention because the spider bite was swollen and discharging pus.

On July 14, 2024, Plaintiff was called to the Health Care Unit ("HCU") for sick call. After the nurse's assessment, Defendant Dr. Osmundson was notified and instructed the nurse to advise Plaintiff to request another sick call appointment if the condition worsened. Plaintiff was prescribed Ibuprofen (800mg) for pain.

On July 17, 2024, Plaintiff wrote another sick call request because the spider bite was worse. Plaintiff reported his symptoms, which included increased swelling, discharge, pain, and a tingling sensation up and down his right thigh. On July 20, 2024, Plaintiff alleges he was advised to continue taking the medication and to keep the area clean.

During a follow up appointment on July 22, 2024, Plaintiff reported continued pain. A nurse examined the bite and noted white/green discharge and that the bite was warm to the touch. Plaintiff was prescribed Naproxen (500mg) for pain and Clindamycin (300mg) for the infection. A follow up appointment was scheduled for July 30, 2024, with Defendant Nurse Practitioner Shinn.

On July 30, 2024, Defendant Shinn examined Plaintiff and diagnosed him with a cellulite abscess infection caused by the spider bite. With Defendant Dr. Osmundson's approval, Defendant Shinn prescribed Plaintiff a course of Rocephin injections and admitted him to the infirmary. After several days of treatments, Defendant Nurse Practitioner Kramer discharged Plaintiff from the infirmary on August 2, 2024.

Upon his release from the infirmary, Plaintiff allegedly requested cleaning supplies to address the spider infestation in his cell, but his request was denied.

II

A

The Eighth Amendment requires the government to "provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526–27 (1984)). Conditions of confinement that expose a prisoner to a substantial risk of serious harm are unconstitutional. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). To demonstrate that prison conditions violated the Eighth Amendment, a plaintiff must allege facts that satisfy a test involving both an objective and subjective component. *Farmer*, 511 U.S. at 834. The objective analysis focuses on whether prison conditions were sufficiently serious so that "a prison official's act or omission results in the denial of the minimal civilized measure of life's necessities," *id.*, or "exceeded contemporary bounds of decency of a mature, civilized society." *Lunsford v. Bennett*, 17 F.3d 1574, 1579 (7th Cir. 1994). The subjective component requires an allegation that prison officials acted wantonly and with conscious disregard of a known risk of serious harm to plaintiffs. *Id.* "Conscious disregard" means that defendants knew that plaintiffs faced a substantial risk of serious harm and yet disregarded that risk by failing to take reasonable measures to address it. *Farmer*, 511 U.S. at 847. Thus, it is not enough for the plaintiff to prove that defendants acted negligently or should have known of the risk. *Pierson v. Hartley*, 391 F.3d 898 (7th Cir. 2004). The plaintiff must show that defendants received information from which an inference could be drawn that a substantial risk existed and that defendants actually drew the inference. *Id.* at 902.

Plaintiff alleges Defendant Warden Baker is responsible for the conditions of the cell blocks and must provide reasonably safe living conditions for inmates.

(Doc. 1 at p. 5). Plaintiff alleges he requested cleaning supplies to address the spider infestation in his cell, but he does not allege who he asked or who denied his request. There is no indication that Defendant Baker knew about the alleged conditions of Plaintiff's cell or his spider bite. Plaintiff did not include any specific allegations to demonstrate that Defendant Baker was personally involved in any constitutional deprivation. *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation."). There is no *respondeat superior* under § 1983. In other words, Defendant Baker cannot be liable based only on his supervisory role. *Doe v. Purdue Univ.*, 928 F.3d 652, 664 (7th Cir. 2019). Officials are accountable for their own acts; they are not vicariously liable for the conduct of subordinates. *See Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009); *Vance v. Rumsfeld*, 701 F.3d 193, 203-05 (7th Cir. 2012) (en banc). If prison officials are named, they must be named in their individual capacities, and Plaintiff must allege that the official personally participated in the deprivation or was deliberately reckless as to the misconduct of subordinates or was aware and condoned, acquiesced, or turned a blind eye to it. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001). Defendant Baker is dismissed without prejudice for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and § 1915A.

**B**

It is also well established that deliberate indifference to a serious medical need is actionable as a violation of the Eighth Amendment. *Hayes v. Snyder*, 546 F.3d 516, 522 (7th Cir. 2008). A claim of deliberate indifference contains both an objective and a subjective component. *Farmer*, 511 U.S. at 834. To satisfy the objective component, a prisoner must demonstrate that his medical condition is "objectively, sufficiently serious." *Id.* An objectively serious medical condition is

one that "has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention." *Hayes*, 546 F.3d at 522. To satisfy the subjective component, the inmate must demonstrate that the prison official acted with a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834. The official must know of and disregard an excessive risk to the inmate's health; "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 837. The prisoner must show that the defendant engaged in more than negligence and that the defendant's conduct approached intentional wrongdoing or criminal recklessness. *Holloway v. Delaware Cnty. Sheriff*, 700 F.3d 1063, 1073 (7th Cir. 2012) (citing *Farmer*, 511 U.S. at 837).

Plaintiff alleges Defendants Osmundson, Kramer, Shinn, and Stauffer were deliberately indifferent to his medical needs by failing to administer timely medical care for his spider bite. (Doc. 1 at p. 5). The Eighth Amendment protects inmates from "grossly inadequate medical care," *Pyles v. Fahim*, 771 F.3d 403, 408 (7th Cir. 2014), but it does not entitle inmates to particular care of their choosing, *see Holloway v. Delaware Cnty. Sheriff*, 700 F.3d 1063, 1073 (7th Cir. 2012). It is unclear how Defendants Osmundson, Kramer, and Shinn failed to provide timely treatment. Plaintiff's allegations are insufficient to state an Eighth Amendment deliberate indifference claim. Regarding Defendant Stauffer, Plaintiff named her as a Defendant, but he did not include any specific allegations regarding her involvement in his medical care in his Complaint. *See Vance*, 97 F.3d at 991. Defendants Osmundson, Kramer, Shinn, and Stauffer are dismissed without prejudice for failure to state a claim under Rule 12(b)(6) and § 1915A.

Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE for failure to state a claim under Rule 12(b)(6) and § 1915A. Plaintiff is given leave to file an Amended Complaint within 30 days of this Order. Plaintiff's Amended Complaint

will replace Plaintiff's original Complaint in its entirety. The Amended Complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted. If Plaintiff fails to file a timely Amended Complaint, this matter will be dismissed with prejudice.

**IT IS THEREFORE ORDERED:**

**1)    Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff shall have 30 days from the entry of this order to file an Amended Complaint. Plaintiff's Amended Complaint will replace Plaintiff's original Complaint in its entirety. The Amended Complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted. If Plaintiff fails to file a timely Amended Complaint, this matter will be dismissed with prejudice.**

**2)    Plaintiff shall immediately inform the Court, in writing, of any change in his mailing address. Plaintiff's failure to notify the Court of a change in mailing address will result in dismissal of this lawsuit, with prejudice.**

*It is so ordered.*

Entered: September 9, 2025

s/Jonathan E. Hawley
U.S. District Judge