E-FILED
Tuesday, 09 December, 2025  03:41:28 PM
Clerk, U.S. District Court, ILCD

IN THE
**UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION**

| | |
|---|---|
| SHANNON SMITH,<br>     Plaintiff,<br><br>v.<br><br>TYRONE BAKER, *et al.*,<br>     Defendants. | Case No. 4:25-cv-04130-JEH |

**Merit Review Order**

Plaintiff Shannon Smith, proceeding *pro se*, filed an Amended Complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights while he was incarcerated at Hill Correctional Center ("Hill"). (Doc. 8). This case is before the Court for a merit review of Plaintiff's Amended Complaint pursuant to 28 U.S.C. § 1915A.

**I**

The Court must "screen" Plaintiff's Amended Complaint and dismiss any legally insufficient claim or the entire action if warranted. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id*. In reviewing the Amended Complaint, the Court accepts the factual allegations as true, liberally construing them in the Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

## II

During the relevant period, Plaintiff was incarcerated at Hill. Plaintiff files suit against Warden Tyrone Baker, Medical Director Dr. Osmundson, Nurse Practitioners Kramer and Shinn, and Nurse Stauffer.

In July 2024, Plaintiff alleges he was bit by an unidentified spider in his cell. On July 13, 2024, Plaintiff submitted a request for medical treatment because the spider bite was swollen and discharging pus.

On July 14, 2024, Plaintiff was called to the Health Care Unit ("HCU") for sick call and examined by Defendant Nurse Stauffer. Defendant Dr. Osmundson was notified about Plaintiff's condition. Defendant Osmundson instructed Defendant Stauffer to advise Plaintiff to return if his condition worsened. Plaintiff was prescribed a limited amount of Ibuprofen for pain. Plaintiff alleges Defendant Osmundson was deliberately indifferent by failing to provide adequate medical care, despite knowing there was pus-like discharge from the wound.

On July 17, 2024, Plaintiff submitted a sick call request because the infection had worsened. Plaintiff reported his symptoms, which included increased swelling, pus discharge, and "pain with a numb tingling sensation up and down his right thigh." (Doc. 8 at pp. 3-4). Plaintiff alleges he was not seen until July 20, 2024, and was advised to keep taking Ibuprofen and to keep the area clean. Plaintiff does not specify who examined him on July 20, 2024.

During an examination on July 22, 2024, an unidentified nurse noted there was white/green discharge coming from the wound, and the area was warm to the touch. Plaintiff was prescribed an antibiotic for the infection and Naproxen for pain. A follow up appointment was scheduled with Defendant Nurse Practitioner Shinn.

Plaintiff alleges Defendant Shinn was notified about his spider bite and infection but made him wait until July 30, 2024 for an examination. Plaintiff alleges the delay in medical care caused nerve damage and a permanent hole in his leg.

On July 30, 2024, Defendant Shinn examined Plaintiff and diagnosed him with a cellulite abscess infection. With Defendant Dr. Osmundson's approval, Defendant Shinn prescribed Plaintiff a course of antibiotic injections and admitted him to the infirmary. After several days of treatments and being monitored, Defendant Nurse Practitioner Kramer discharged Plaintiff from the infirmary on August 2, 2024.

Upon his release from the infirmary, Plaintiff requested cleaning supplies to address the spider infestation in his cell, but his request was denied. Plaintiff alleges Defendant Warden Baker is responsible for the conditions of confinement at Hill.

## III

## A

The Eighth Amendment requires the government to "provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526–27 (1984)). Conditions of confinement that expose a prisoner to a substantial risk of serious harm are unconstitutional. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). To demonstrate that prison conditions violated the Eighth Amendment, a plaintiff must allege facts that satisfy a test involving both an objective and subjective component. *Farmer*, 511 U.S. at 834. The objective analysis focuses on whether prison conditions were sufficiently serious so that "a prison official's act or omission results in the denial of the minimal civilized measure of life's necessities," *id.*, or "exceeded

contemporary bounds of decency of a mature, civilized society." *Lunsford v. Bennett*, 17 F.3d 1574, 1579 (7th Cir. 1994). The subjective component requires an allegation that prison officials acted wantonly and with conscious disregard of a known risk of serious harm to plaintiffs. *Id.* "Conscious disregard" means that defendants knew that plaintiffs faced a substantial risk of serious harm and yet disregarded that risk by failing to take reasonable measures to address it. *Farmer*, 511 U.S. at 847. Thus, it is not enough for the plaintiff to prove that defendants acted negligently or should have known of the risk. *Pierson v. Hartley*, 391 F.3d 898 (7th Cir. 2004). The plaintiff must show that defendants received information from which an inference could be drawn that a substantial risk existed and that defendants actually drew the inference. *Id.* at 902.

Plaintiff alleges Defendant Warden Baker is responsible for the conditions of confinement at Hill. Plaintiff alleges he requested cleaning supplies to address the spider infestation in his cell, but he does not allege who he asked or who denied his request. There is no indication Defendant Baker knew about the alleged conditions of Plaintiff's cell, the spider infestation, or his spider bite. Plaintiff did not include any specific allegations to demonstrate that Defendant Baker was personally involved in any constitutional deprivation. *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation."). There is no *respondeat superior* under § 1983. In other words, Defendant Baker cannot be liable based only on his supervisory role. *Doe v. Purdue Univ.*, 928 F.3d 652, 664 (7th Cir. 2019). Officials are accountable for their own acts; they are not vicariously liable for the conduct of subordinates. *See Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009); *Vance v. Rumsfeld*, 701 F.3d 193, 203-05 (7th Cir. 2012) (en banc). If prison officials are named, they must be named in their individual capacities, and

Plaintiff must allege that the official personally participated in the deprivation or was deliberately reckless as to the misconduct of subordinates or was aware and condoned, acquiesced, or turned a blind eye to it. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001). Defendant Baker is dismissed without prejudice for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and § 1915A.

## B

It is also well established that deliberate indifference to a serious medical need is actionable as a violation of the Eighth Amendment. *Hayes v. Snyder*, 546 F.3d 516, 522 (7th Cir. 2008). A claim of deliberate indifference contains both an objective and a subjective component. *Farmer*, 511 U.S. at 834. To satisfy the objective component, a prisoner must demonstrate that his medical condition is "objectively, sufficiently serious." *Id*. An objectively serious medical condition is one that "has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention." *Hayes*, 546 F.3d at 522. To satisfy the subjective component, the inmate must demonstrate that the prison official acted with a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834. The official must know of and disregard an excessive risk to the inmate's health; "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 837. The prisoner must show that the defendant engaged in more than negligence and that the defendant's conduct approached intentional wrongdoing or criminal recklessness. *Holloway v. Delaware Cnty. Sheriff*, 700 F.3d 1063, 1073 (7th Cir. 2012) (citing *Farmer*, 511 U.S. at 837).

Plaintiff alleges Defendant Dr. Osmundson was deliberately indifferent by failing to provide adequate medical care, despite knowing there was pus-like discharge coming from the wound on July 14, 2024. Plaintiff alleges Defendant Nurse Practitioner Shinn was notified about his spider bite and infection on July

5

22, 2024, but did not examine him until July 30, 2024. Plaintiff alleges this delay caused nerve damage and a permanent hole in his leg. The Court finds Plaintiff's allegations are sufficient to proceed on an Eighth Amendment claim against Defendants Osmundson and Shinn based on their alleged deliberate indifference to the infection caused by the spider bite.

Regarding Defendants Nurse Stauffer and Nurse Practitioner Kramer, Plaintiff alleges they were notified about his injury and continuing pain but failed to act. Plaintiff alleges he saw Defendant Stauffer on July 14, 2025, and was given Ibuprofen for pain. Plaintiff also received Naproxen when he reported continued pain on July 22, 2025. Plaintiff alleges Defendant Kramer discharged him from the infirmary on August 2, 2024. Plaintiff does not allege he reported continued pain or that Defendant Kramer denied him pain medication. Plaintiff's sparse and conclusory allegations are insufficient to state a deliberate indifference claim against Defendants Stauffer and Kramer. Therefore, Defendants Stauffer and Kramer are dismissed without prejudice for failure to state a claim under Rule 12(b)(6) and § 1915A.

**IT IS THEREFORE ORDERED:**

1)     According to the Court's Merit Review of Plaintiff's Amended Complaint under 28 U.S.C. § 1915A, Plaintiff alleged sufficient facts to proceed on an Eighth Amendment claim against Defendants Osmundson and Shinn based on their alleged deliberate indifference to an infection caused by a spider bite in July 2024. Additional claims shall not be included in the case above, except in the Court's discretion on motion by a party for good cause shown under Federal Rule of Civil Procedure 15.

2)     Defendants Tyrone Baker, Stauffer, and Kramer are DISMISSED WITHOUT PREJUDICE for failure to state a claim under Federal Rule of Civil

4:25-cv-04130-JEH     # 9     Filed: 12/09/25     Page 7 of 9

Procedure 12(b)(6) and § 1915A. The Clerk is directed to TERMINATE Defendants Baker, Stauffer, and Kramer.

3)    This case is now in the process of service. The Court advises Plaintiff to wait until counsel has appeared for Defendants before filing any motions to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time unless otherwise directed by the Court.

4)    The Court will attempt service on Defendants by mailing a waiver of service. If Defendants fail to sign and return a waiver of service to the Clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals Service on Defendants and will require Defendants to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

5)    Defendants shall file an answer within 60 days of the date the Clerk sends the waiver of service. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' position. The Court does not rule on the merits of those positions unless and until Defendants file a motion. Therefore, no response to the answer is necessary or will be considered. If Defendants have not filed an answer or appeared through counsel within 90 days of the entry of this Order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter a scheduling order setting discovery and dispositive motion deadlines.

6)    If Defendants no longer work at the address Plaintiff provided, the entity for whom Defendants worked while at that address shall submit to the Clerk

Defendants' current work address, or, if not known, Defendants' forwarding address. This information shall be used only for effectuating service. Documentation of Defendants' forwarding address shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

7)    This District uses electronic filing, which means that after Defendants' counsel has filed an appearance, Defendants' counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to Defendants' counsel copies of motions and other documents that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly to Defendants' counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defendants' counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

8)    Defendants' counsel is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Defendants' counsel shall arrange the time for the deposition.

9)    Plaintiff shall immediately inform the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

10)    Plaintiff shall be provided a copy of all pertinent medical records upon request.

11)    Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the

8

authorization to Defendants' counsel. The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

12)    The Clerk is directed to set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.

*It is so ordered.*

Entered: December 9, 2025

s/Jonathan E. Hawley
U.S. District Judge