IN THE
UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

SHANNON SMITH,
    Plaintiff,

v.

    Case No. 4:25-cv-04130-JEH

KURT OSMUNDSON, *et al.*,
    Defendants.

## Order

This matter is now before the Court on Defendants' Motion for Summary Judgment on the Issue of Exhaustion. (Doc. 22). For the reasons stated below, Defendants' Motion is DENIED.

## I

Plaintiff Shannon Smith, proceeding *pro se*, filed this lawsuit under 42 U.S.C. § 1983 alleging Defendants Dr. Kurt Osmundson and Samantha Shinn were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment while he was incarcerated at Hill Correctional Center ("Hill"). Specifically, Plaintiff alleges he was bitten by a spider on July 11, 2024, and developed an infection. Due to a delay in medical care, Plaintiff allegedly suffered nerve damage and a permanent hole in his leg from the infection. (Docs. 8, 9).

On March 5, 2026, Defendants filed a Motion for Summary Judgment on the Issue of Exhaustion. (Doc. 22). The same day, the Clerk issued a Notice warning Plaintiff that if he failed to respond within 21 days, the Motion would be granted, if appropriate, and the case would be terminated without a trial. (Doc. 23). Plaintiff's response to Defendants' Motion for Summary Judgment was due on March 26, 2026. To date, Plaintiff has not responded to Defendants' Motion or

1

requested additional time to do so. Under Local Rule 7.1(D)(2)(b)(6), "[a] failure to respond to any numbered fact will be deemed an admission of the fact." *Id.*

## II

During the relevant period, Plaintiff was an inmate at Hill. Defendant Dr. Osmundson was a physician. Defendant Shinn was a nurse practitioner. Defendants provided medical care to the inmates at Hill.

Plaintiff alleges he was bitten by a spider in his cell on July 11, 2024. (Doc. 8 at p. 3). On July 13, 2024, Plaintiff allegedly submitted a medical request form and was called to the Health Care Unit ("HCU") for sick call to be examined by Nurse Stauffer. *Id.* Defendant Dr. Osmundson instructed Nurse Stauffer to inform Plaintiff to return if his condition worsened. *Id.*

On July 17, 2024, Plaintiff was allegedly experiencing increased swelling, pus discharge, and pain with a numb tingling sensation up and down his right thigh and submitted a sick call request. *Id.* On July 20, 2024, an unidentified individual allegedly examined Plaintiff and advised him to continue taking ibuprofen and keep the bite area clean. *Id.* at p. 4.

On July 22, 2024, an unidentified nurse noted white/green discharge coming from the wound and the area was warm to the touch. *Id.* Plaintiff was prescribed Naproxen for the pain and an antibiotic for the infection. *Id.*

On July 30, 2024, Defendant Shinn allegedly examined Plaintiff and diagnosed him with a cellulite abscess infection, prescribed a course of antibiotic injections, and admitted him to the infirmary. *Id.* On August 2, 2024, Nurse Practitioner Kramer discharged Plaintiff from the infirmary. *Id.*

Plaintiff submitted one relevant grievance on July 22, 2024. (Doc. 22-1 at pp. 16-17). Grievance K29-0714-1522E alleges Plaintiff did not receive proper medical care for his spider bite due to medical refusing to see him, inability to see a doctor, and improper treatment by the nurse practitioner. *Id.*

2

On July 30, 2024, the Grievance Officer denied Plaintiff's grievance because Defendant Shinn confirmed that Plaintiff received treatment for the spider bite and was prescribed antibiotics for the infection. *Id*. at p. 15. On August 2, 2024, the Chief Administrative Officer ("CAO") concurred with the Grievance Officer's finding. *Id*.

Plaintiff appealed the grievance to the Administrative Review Board ("ARB") on August 7, 2024. *Id*. On September 12, 2024, the ARB determined the grievance was properly denied, as the Grievance Officer found the issue was appropriately addressed by the facility administration. *Id*. at p. 14.

### III

### A

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). In ruling on a motion for summary judgment, "[t]he court has one task and one task only: to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial." *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994). In making this determination, the court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in favor of that party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). "Inferences that are supported by only speculation or conjecture will not defeat a summary judgment motion." *McDonald v. Vill. of Winnetka*, 371 F.3d 992, 1001 (7th Cir. 2004). In order to successfully oppose a motion for summary judgment, a plaintiff must do more than raise a "'metaphysical doubt' as to the material facts, and instead must present definite, competent evidence to rebut the motion." *Michael v. St. Joseph Cnty.*, 259 F.3d 842, 845 (7th Cir. 2001) (internal citation omitted).

**B**

"The Prison Litigation Reform Act of 1995 (PLRA) requires prisoners with complaints about prison conditions to exhaust available grievance procedures before bringing suit in federal court." *Perttu v. Richards*, 605 U.S. 460, 464 (2025). Parties "have a right to a jury trial on PLRA exhaustion when that issue is intertwined with the merits of a claim . . . ." *Id.* at 469. Here, the exhaustion issue is not intertwined with the merits of Plaintiff's claims. There is no jury issue regarding exhaustion.

"To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). Plaintiff was required to follow the grievance procedures described in the regulations provided by the Illinois Department of Corrections ("IDOC"). 20 Ill. Admin. Code § 504.800, *et seq.* According to the grievance procedure in Illinois, offenders in the custody of the IDOC must first try to resolve their issues through their counselor. § 504.810. If the issue persists, the offender may file a grievance addressed to the grievance officer within sixty days after the incident was discovered. *Id.*

The grievance must contain factual details, including what happened, when, where, and the name of each person who is the subject of or who is otherwise involved in the complaint. § 504.810(c). If the offender cannot name specific individuals, the offender "must include as much descriptive information about the individual as possible." *Id.*

The grievance officer will then make a report of findings and recommendations in writing to the CAO within two months, "when reasonably feasible under the circumstances." §§ 504.810(a), 504.830(e). The CAO will advise the offender of the decision. *Id.*

If the offender is not satisfied with the outcome, he may appeal to the Director of the Illinois Department of Corrections. The appeal must be received by the ARB within thirty days after the date of the CAO's decision. § 504.850. The ARB will submit a report to the Director, who will review the findings and make a final determination within six months after receiving it "when reasonably feasible under the circumstances." § 504.850(e).

An inmate who fails to properly take every step of the administrative process has failed to exhaust his remedies. *Chambers v. Sood*, 956 F.3d 979, 983 (7th Cir. 2020). The Seventh Circuit takes a strict compliance approach to exhaustion, requiring inmates to follow all grievance rules established by the correctional authority. *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). A lawsuit filed by an inmate before he exhausted his administrative remedies must be dismissed because the court lacks the discretion to resolve the claim on the merits. *Perez v. Wis. Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). Because exhaustion is an affirmative defense, the defendants shoulder the burden of proof. *Hernandez v. Lee*, 128 F.4th 866, 869 (7th Cir. 2025).

## IV

Defendants Osmundson and Shinn argue they are entitled to summary judgment because Plaintiff failed to exhaust his administrative remedies. Defendants assert Grievance K29-0714-1522E fails to mention Dr. Osmundson and Shinn and only refers to the conduct of a "NP." (Doc. 22 at p. 8).

It is generally recognized that a grievance must contain sufficient information so as to alert the prison to "the nature of the wrong for which redress is sought." *Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002). A plaintiff who does not provide this necessary information fails to exhaust. *See Ambrose v. Godinez*, 510 F. App'x 470, 472 (7th Cir. 2013) (plaintiff failed to exhaust where he did not identify defendants "by name or inference"); *see also Woods v. Schmeltz*, No. 13-

1477, 2014 WL 3490569, at *4 (C.D. Ill. July 14, 2014) (plaintiff must provide enough information for "the prison to determine which of its employees were involved in the incidents . . . .").

Here, Grievance K29-0714-1522E requested proper medical treatment for a spider bite Plaintiff suffered on July 11, 2024. (Doc. 22-1 at pp. 16-17). Plaintiff stated he submitted a sick call request, was examined by nurses, and provided with medical care. *Id.* at p. 17. Plaintiff alleged one of the nurses informed him the spider bite was an emergency and recommended he "see a doctor ASAP." *Id.* Plaintiff stated the infection worsened, the bite discharged green pus, and his "whole thigh and leg went numb all the way down to [his] toes." *Id.* On July 22, 2024, Plaintiff stated he saw the "nurse practitioner," who informed him the bite looked infected and swollen, gave him Clindamycin and Naproxen, and told him she would give him a shot in about a week if the bite was still infected. *Id.* Plaintiff stated the nurse practitioner also "told [him] to hang on because [he] still [had] an appointment to see the doctor on Aug. 9th." *Id.* Although Plaintiff did not specifically identify Defendants Dr. Osmundson and Shinn by name in his grievance, Plaintiff referred to the "doctor" and the "nurse practitioner." *Id.*

The Grievance Officer's response indicates he spoke with Defendant Shinn about the medical care Plaintiff received for his spider bite. *Id.* at p. 15. The Grievance Officer's response states:

> Nurse Practitioner Shinn states, "I initially prescribed this patient Bactrim (which is a typical antibiotic you prescribe for a skin infection) and followed up with him after finishing it. The infection had not improved with the Clindamycin when I followed up with him and so I started him on Clindamycin for 10 days. I followed up with him again today and it's still infected, and after speaking with Dr. Osmundson, I put him into the infirmary, he will be getting daily Rocephin shots for 3 days, and continuing Clindamycin. He is also acute which means he will be seen by a provider 3x weekly, and nursing every shift.

*Id*. Plaintiff's grievance contained enough information to allow the Grievance Officer to investigate the grievance and speak with Defendant Shinn about Plaintiff's medical treatment. *See Jones v. Bock*, 549 U.S. 199, 217 (2007) ("[N]othing in the [PLRA] imposes a 'name all defendants' requirement."). The purpose of the PLRA is to give the facility an opportunity to correct the issue before litigation. *Jackson v. Esser*, 105 F.4th 948, 960 (7th Cir. 2024) (citing *Schillinger v. Kiley*, 954 F.3d 990, 996 (7th Cir. 2020)). "[P]risoners must provide some identifying information about the accused individuals. In other words, a grievance must contain enough information about who caused the grieved of problem so that a prison can properly investigate and resolve grievances." *Jackson*, 105 F.4th at 960 (internal citations and quotations omitted); *see also Maddox v. Love*, 655 F.3d 709, 722 (7th Cir. 2011) (finding exhaustion as to defendants not named in grievance when the prison was clearly on notice of the unnamed defendants who were involved). The Court finds Plaintiff's grievance provided sufficient notice.

After receiving the Grievance Officer's response, there is no dispute that Plaintiff properly completed the next steps of the grievance process. Plaintiff submitted a timely appeal to the ARB on August 7, 2024. (Doc. 22-1 at p. 15). He received the ARB's response on September 12, 2024, and filed his initial Complaint on July 15, 2025. *Id*. at p. 14; Doc. 1.

The Court finds Plaintiff exhausted his administrative remedies under the PLRA. *See Turley*, 729 F.3d at 650 (explaining that "once a prison has received notice of, and an opportunity to correct, a problem, the prisoner has satisfied the purpose of the exhaustion requirement"). Defendants' Motion for Summary Judgment is DENIED.

## V

For the reasons stated, *supra*:

(1)     Defendants' Motion for Summary Judgment [22] is DENIED.

(2)     The deadlines in the Court's Scheduling Order [20] remain in place. Discovery closes on August 3, 2026, and dispositive motions are due by September 3, 2026.

*It is so ordered.*

Entered: April 21, 2026

s/Jonathan E. Hawley
U.S. District Judge